STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

January 7, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY D. ADAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0980** (BOR Appeal No. 2049321)
                        (Claim No. 2001053592)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**C & C LINE COMPANY, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Larry D. Adams, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 25, 2014, in which the Board affirmed a March 13, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 20, 2013, decision which corrected an April 13, 2012, decision reopening the claim for permanent total disability consideration and instead denied the application for permanent total disability benefits as untimely filed. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Adams, a lineman, was injured in a motor vehicle accident in the course of his employment on May 2, 2001. He was granted an initial permanent partial disability award on September 19, 2003. Mr. Adams was subsequently granted more than 50% in permanent partial disability awards and applied for permanent total disability benefits on May 14, 2009. The claims administrator initially reopened the claim on April 13, 2012, for consideration of permanent total disability benefits. However, the claims administrator issued a corrected decision on June 20, 2013, denying the application because it was untimely filed.

The Office of Judges affirmed the claims administrator's June 20, 2013, decision in its March 13, 2014, Order. The Office of Judges stated that "in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award." West Virginia Code § 23-4-16(a)(2) (2005). It determined that Mr. Adams was injured on May 2, 2001, and it is clear from the record that he received his initial permanent partial disability award on September 19, 2003. By April 24, 2008, the appeal processes for all issues of permanent partial disability were final. The Office of Judges noted that his first petition for permanent total disability benefits was not made until June 10, 2009.

Mr. Adams argued before the Office of Judges that the claims administrator's decision unfairly prejudices and adversely affects him; however, the Office of Judges found that he failed to state a law, regulation, or court precedent excusing him from filing his permanent total disability application outside of the applicable five year time period. Mr. Adams did argue that the statute of limitations was not applicable at the time of his injury and should not apply, but the Office of Judges determined that the argument was not persuasive. West Virginia Code § 23-4-16 (2005) clearly states that it applies to all claims made after 1995, and Mr. Adams was injured in 2001. Lastly, Mr. Adams argued that he did not meet the 50% threshold for filing for permanent total disability benefits until December 6, 2006. The Office of Judges found that if that is the case, he had ample time to file for permanent total disability benefits within the five year time limit because the time limit did not expire in his claim until 2008. The Office of Judges stated that West Virginia Code § 23-4-16 is the controlling statute in this case regarding the reopening of claims for permanent total disability benefit consideration. It held that Mr. Adams had until September 19, 2008, five years after his initial permanent partial disability award, to file for benefits. He reached the 50% threshold months before the time frame expired, and his failure to apply for permanent total disability benefits within that time period is his responsibility. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 25, 2014.

On appeal, Mr. Adams argues that the five year statute of limitations was not applicable at the time of his injury and therefore should not apply in this case. He stated in his argument that the claims administrator originally granted consideration of a permanent total disability award and then a year later reviewed the claim and denied the application based on the running of the statute of limitations. He asserts that his initial award was granted in September of 2003, but it was on appeal until December of 2006. He argues that he did not meet the 50% threshold for filing until December of 2006 and once all of the information and percentages of awards were in, he filed his application. The West Virginia Office of the Insurance Commissioner asserts that the

2

date of injury was May 2, 2001, therefore, despite Mr. Adams's argument to the contrary, West Virginia Code § 23-4-16(a)(1)-(2) (2005) applies in this claim because it applies to all claims filed after 1995. It argues that Mr. Adams did not file his claim until June 10, 2009, which is clearly outside of the five year time period.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. West Virginia Code § 23-4-16(a)(2) provides that "in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award." Mr. Adams's initial award was granted on September 19, 2003, and he therefore had until September 19, 2008, to apply for permanent total disability benefits. His permanent partial disability awards were fully adjudicated and he reached the 50% threshold for applying well before the statute of limitations expired. Though the claims administrator initially granted consideration of a permanent total disability award on April 13, 2012, after further review, it correctly found that Mr. Adams's application was untimely filed. [1]

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 7, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum

---

[1] This case deals with time limitations set forth in West Virginia Code § 23-4-16. This Court previously created an exception to West Virginia Code § 23-4-16 in *Hammons v. West Virginia Office of the Insurance Commissioner*, Nos. 12-1473 & 13-0312, 235 W. Va. 577, 775 S.E.2d 458 (2015). The *Hammons* exception does not apply in the current case because Mr. Adams's permanent partial disability issues were fully adjudicated months prior to the expiration of the time frame and he had adequate time to file his application for permanent total disability benefits.